IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II, | CV 24-06-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| NICOLE KLEIN, JAMES C. REYNOLDS, LEO GALLAGHER, GOVERNOR OF MONTANA, | |
| Defendants. | |

On January 5, 2024, Plaintiff Wayne A. Hussar ("Hussar") filed a civil rights complaint. (Doc. 1 at 2.) Hussar has not sought leave of the Court to proceed in forma pauperis, nor has he paid the filing fee.

Hussar generally alleges a denial of due process occurred during his state criminal proceedings held on January 4, 2018. (Doc. 1 at 1.) Hussar claims his appointed counsel Nicole Klein refused to call certain officers to testify as to their belief that simple assault was the appropriate charge, rather than felony assault. (*Id.*) He also suggests Klein coerced him into entering into an "illegal" plea agreement. (*Id.* at 1-2.) Hussar claims County Attorney Leo Gallagher refused to allow Hussar's wife, Sandra, to testify on his behalf and that Gallagher and District

Court Judge Reynolds worked in tandem to implement the illegal plea agreement. (*Id.* at 2.)  Hussar asserts Judge Reynolds then imposed an illegal sentence.  (*Id.*)  Finally, Hussar claims that Montana's Governor is refusing to release state inmates convicted under illegal court procedures.  (*Id.* at 3.)

Hussar requests one million dollars in damages, an order reversing his conviction and declaring a "mistrial," that the State of Montana reimburse him with two weapons, and that this Court impose any other costs and fees that may apply.  (*Id.* at 2.)

In his complaint, Hussar references habeas corpus relief.  Hussar is reminded that he previously challenged his 2018 conviction in a federal habeas proceeding and was denied relief.  *See Hussar v. Green*, Cause No. CV-19-64-H-DLC, Or. (D. Mont. May 27, 2020).  He may not mount another challenge to this conviction without first obtaining leave of the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).  Further, as Hussar has previously been advised,[1] prisoners cannot obtain monetary damages in federal habeas.  *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Nelson v. Campbell*, 541 U.S. 637, 646 (2004)(stating damages are not an available

---

[1] *See Hussar v. Salmonsen*, Cause No. CV-18-49-H-DLC-JTJ, Or. (Doc. 13 at 2-3)(*citing Hussar v. Mahoney*, Cause No. CV-11-7-H-DWM-RKS, Or. (Doc. 3 at 1)); *Hussar v. Rieghard, et al.*, Cause No. CV-17-77-H-DLC-JTJ, Or. (Doc. 3 at 3-4); *Hussar v. Green*, Cause No. CV 19-64-H-DLC-JTJ, Or. (Doc. 14 at 11.)

habeas remedy).

Additionally, it appears that Hussar names individuals in his complaint who are immune from suit, including Judge Reynolds and County Attorney Gallagher. Judges are absolutely immune from suit for judicial actions undertaken in the course of their official duties in connection with a case, unless a judge acts outside of the judge's judicial capacity or in the complete absence of all jurisdiction. *See Simmons v. Sacramento Superior Court*, 318 F. 3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9 at 11-12 (1991). Judge Reynolds' sentencing of Hussar was unquestionably a judicial act; he is entitled to immunity from suit. Similarly, acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 486 (1991); *see also Ashelman v. Pope*, 793 F. 2d 1072, 1076 (9th Cir. 1986). Gallagher was acting in his function as advocate during Hussar's criminal proceedings; he is entitled to prosecutorial immunity.

Hussar is further advised that the public defender who represented him is not a state actor for purposes of Section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)(public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F. 3d 465, 468 (9th Cir. 2003)(affirming

3

dismissal because the public defender represented the plaintiff's interest during criminal proceeding, not the state's interests). Accordingly, Hussar fails to state a claim under § 1983 against Ms. Klein, for the actions she may have undertaken defending Hussar in his criminal proceedings.

Setting all of these issues aside, however, Hussar's complaint fails for another reason. Based upon a review of the allegations contained in the Complaint, it appears Hussar filed his Complaint outside the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (*quoting Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Tahoe-Sierra*

4

*Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc). The statute of limitations runs from each discrete act. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002). A § 1983 action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that forms the basis of his action. *Bagley v. CMC Real Estate Corp.*, 925 F. 2d 758, 760 (9th Cir. 1991).

As set forth above, Hussar's Complaint was dated January 5, 2024, therefore all claims accruing prior to January 5, 2021 are barred by the applicable statute of limitations.  Hussar claims Defendants violated his rights in conjunction with criminal proceedings that occurred in January of 2018.  As such, his claims accrued in January 2018, and are barred by the applicable statute of limitations.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Hussar's Complaint (Doc. 1) is dismissed with prejudice.

2.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

DATED this _18th_ day of January, 2024.

Susan P. Watters
United States District Court Judge